UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA JEAN RILEY,                          Case No. 09-12720

            Plaintiff,               Nancy G. Edmunds
v.                                          United States District Judge

COMMISSIONER OF                             Michael Hluchaniuk
SOCIAL SECURITY,                            United States Magistrate Judge

            Defendant.
_____/

## REPORT AND RECOMMENDATION
## CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 8, 13)

## I.     PROCEDURAL HISTORY

     A.     Proceedings in this Court

On July 10, 2009, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Nancy G.

Edmunds referred this matter to the undersigned for the purpose of reviewing the

Commissioner's decision denying plaintiff's claim for a period of disability,

disability insurance benefits, and supplemental security income benefits.  (Dkt. 3).

This matter is currently before the Court on cross-motions for summary judgment.

(Dkt. 8, 13).

B.    Administrative Proceedings

Plaintiff filed the instant claim for disability and disability insurance benefits on June 7, 2006, and filed the instant claim for supplemental security income on May 16, 2006, alleging that she became unable to work on December 7, 1997. (Dkt. 6, Tr. at 123). The claim was initially disapproved by the Commissioner on September 6, 2006. (Dkt. 6, Tr. at 81-85). Plaintiff requested a hearing and on September 5, 2008, plaintiff appeared with counsel before Administrative Law Judge (ALJ) E. James Gildea, who considered the case *de novo*. In a decision by the Appeals Council dated November 28, 2008, the ALJ found that plaintiff was not disabled. (Dkt. 6, Tr. at 6-17). Plaintiff requested a review of this decision on January 16, 2009. (Dkt. 6, Tr. at 120-122). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (AC-1, Dkt. 6, Tr. at 1), the Appeals Council, on May 15, 2009, denied plaintiff's request for review. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.    FACTUAL BACKGROUND

A.    <u>ALJ Findings</u>

Plaintiff was 46 years of age at the time of the most recent administrative hearing.  (Dkt. 6, Tr. at 123).  Plaintiff's relevant work history included approximately 20 years as a restaurant hostess, cashier, waitress, and housekeeper.  (Dkt. 6, Tr. at 186).  In denying plaintiff's claims, defendant Commissioner considered disorders of the spine and dysthymia as possible bases of disability.  (Dkt. 6, Tr. 10).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since December 7, 1997.  (Dkt. 6, Tr. at 10).  At step two, the ALJ found that plaintiff's impairments were "severe" within the meaning of the second sequential step.  *Id*.  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Dkt. 6, Tr. at 11).  At step four, the ALJ found that plaintiff could perform her previous work as

a restaurant hostess, cashier, waitress, and a housekeeper. (Dkt. 6, Tr. at 16).

Thus, the ALJ denied plaintiff benefits because plaintiff has not been under a

disability, as defined in the Social Security Act, from December 7, 1997 through

the date of his decision. (Dkt. 6, Tr. at 16).

B.    Plaintiff's Claims of Error

Plaintiff was granted disability benefits in a June 24, 1999 decision in which

she was found to be disabled as of December 4, 1997. At some point in 2005,

plaintiff's continuing disability benefits were denied. Plaintiff did not appeal that

decision and claims that she never received notice of that decision. Instead, she

filed a new claim in June, 2006, which was denied. Plaintiff then requested a

hearing, which was held on September 8, 2008. At the hearing, plaintiff's counsel

requested copies of the records of from the 1999 file and the 2005 termination.

Plaintiff claims that this was "silently denied as nothing was done to provide

these." (Dkt. 8-2, p. 2). After the ALJ denied plaintiff's claim, she appealed to the

Appeals Council citing as error the lack of a complete record, the ALJ's denial of

the existence of a prior disability, and because his decision was based on unknown

"diagnostic testing and objective medical evidence" not provided to plaintiff.

Plaintiff also argued to the Appeal Council that the ALJ failed to even discuss her

Meniere's disease, improperly relied on the opinions of non-examining doctors

over a treating physician, and the finding of contradictions in the medical record

that did not exist.

According to plaintiff, the Appeals Council decision that the ALJ's statement that plaintiff was not under disability since December 7, 1997 (contrary to the 1999 decision), "lumps the ALJ's error as some sort of typographical mistake, which is outrageous on its face." It also reiterates that the 2005 "mystery decision" is administratively final and concludes with no explanation that the ALJ "effectively evaluated" the claim of disability.

Plaintiff also claims that the Commissioner is under a duty to provide a complete record, which plaintiff maintains must include the complete filing demonstrating plaintiff's baseline as of the 1999 decision, the improvements that must have lead to the 2005 decision, and the changes since these determinations as of 2008. Given plaintiff's claim that she was not notified of the 2005 decision, that the 2005 decision was purportedly based on "diagnostic testing and objective medical evidence," plaintiff asks the Court to remand this matter to the Commissioner for a full development of the record. Finally, plaintiff argues that the ALJ's decision to give little weight to the opinions of Dr. Uzansky, plaintiff's treating physician, and too much credit to the opinions of the consulting physicians, was reversible error.

C.     Defendant's Motion for Summary Judgment

The Commissioner urges the Court to reject plaintiff's contention that the

administrative transcript is lacking because it does not include the medical

evidence prior to the 1999 administrative decision that she was disabled, or the

2005 decision that her disability had ceased.  According to the Commissioner, the

matter presently before the Court concerns only plaintiff's 2006 applications for

disability insurance benefits and supplemental security income and the

Commissioner has satisfied its obligation to "file a certified copy of the record

including the evidence upon which the findings and decision complained of are

based."  42 U.S.C. § 405(g).  The Commissioner maintains that the prior

administrative decisions, and the evidence on which they were based, were not

relevant to plaintiff's 2006 applications and plaintiff provides no authority

requiring the Commissioner to provide such records.  The Commissioner points out

that plaintiff does not contest that her previous period of disability was properly

terminated in May 2005 and she did not appeal that decision.  Thus, that decision is

final and binding on the parties, establishing as a matter of law that plaintiff was

not disabled as of that time.  20 C.F.R. § 404.905.  Moreover, plaintiff has not

requested reopening of the 2005 termination decision. 20 C.F.R. §§

404.987-404.989.  Rather, she has expressly stated that she does not contend that

that termination was incorrect and needs to be litigated.  (Tr. 188).  The

Commissioner argues that plaintiff identifies no basis for her contention that it is

necessary to compare her condition at the time of her current application, with her

condition during her prior period of disability, or that records pertaining to her

prior period of disability are necessary to the matter before this Court. (Tr. 189).

The Commissioner also urges the Court to reject plaintiff's contention that

the ALJ erred in finding that she had not been disabled since December 7, 1997.

The Commissioner points out that elsewhere in his decision, the ALJ correctly

observed that plaintiff had been found disabled as of December 4, 1997, and that

her period of disability had ended six years later. (Tr. 8, 15). According to the

Commissioner, the ALJ did not reconsider evidence of plaintiff's condition during

the period covered by the prior determinations. And, although the ALJ stated that

plaintiff had not been under a disability "from December 7, 1997 through the date

of []his decision," he expressly indicated that he was deciding plaintiff's May and

June 2006 applications. (Tr. 16-17). Thus, the Commissioner urges the Court to

conclude, just as the Appeal Council did, that the ALJ's decision merely contained

a typographical error and this does not rise to the level of reversible error.

With respect to the merits of the ALJ's decision, according to the

Commissioner, the record contains very little medical evidence of treatment or

testing plaintiff underwent during the relevant period for her allegedly disabling

impairments. The entirety of the treatment records consists of two handwritten

notes from December 2005 and January 2006 in which plaintiff appears to have

complained of a cough, shortness of breath, and fatigue, and a March 2006

emergency room visit for complaints of chest pain.  (Tr. 208-09).  While plaintiff contends the ALJ erred in his weighing of the medical opinion evidence of record, by affording insufficient weight to the opinions of the treating physician, the Commissioner asserts that the ALJ reasonably declined to defer to the opinions expressed in these letters because the ALJ is not bound to accept the opinion of a treating physician if that opinion either lacks sufficient support in terms of medical signs and laboratory findings, or is either internally inconsistent or inconsistent with other credible evidence of record.  According to the Commissioner, the ALJ specifically addressed the areas in which he considered Dr. Uzansky's opinion lacked support and was inconsistent with other credible evidence of record and correctly noted that these letters lacked objective evidence to support the conclusory opinions expressed.  The Commissioner points out that nothing in these letters identify medical findings or treatment records to support diagnoses of a pinched back nerve, migraine headaches, and various other conditions and the record does not contain diagnostic or treatment records to suggest that these conditions impose incapacitating functional limitations.  The ALJ correctly, therefore, characterized Dr. Uzansky's opinions as "conclusory."

Plaintiff argues that the ALJ erred in observing that she had only a slight heart impairment, and suggests the ALJ improperly relied on this fact rather than other evidence favorable to her claim.  The Commissioner responds that, in light of

Report and Recommendation
Cross-Motions for Summary Judgment
*Riley v. Comm'r*; Case No. 09-12720

the dearth of treatment records to corroborate Dr. Uzansky's letters, it was reasonable for the ALJ to note one of the few instances in which the treatment record directly contradicted Dr. Uzansky's assertions.

Plaintiff contends the ALJ afforded excessive weight to the opinion of Dr. Ahmed, a nonexamining physician. The Commissioner argues, however, that in contrast to Dr. Uzansky's conclusory opinion that plaintiff was disabled, Dr. Ahmed offered specific limitations on plaintiff's functional capacity and provided extensive objective support for his opinion. (Tr. 14). The ALJ also afforded considerable weight to the opinion of Dr. Rojas who examined plaintiff, and reported findings far less severe than suggested by Dr. Uzansky. (Tr. 15). The Commissioner submits that the ALJ's weighing of the medical evidence was within the ALJ's permissible zone of choice, and should not be disturbed.

## III. DISCUSSION

### A. Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and

finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is

not found during this administrative review process, the claimant may file an

action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final

administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this

statute is limited in that the court "must affirm the Commissioner's conclusions

absent a determination that the Commissioner has failed to apply the correct legal

standard or has made findings of fact unsupported by substantial evidence in the

record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005);

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding

whether substantial evidence supports the ALJ's decision, "we do not try the case

de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.

McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383,

387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to

evaluate the credibility of witnesses, including that of the claimant." *Rogers v.

Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc.

Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant

when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502

F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the

claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

B.      Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability

Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the

Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381

*et seq*.).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.
>
> Step Two:  If the claimant does not have a severe
> impairment or combination of impairments, that
> "significantly limits ... physical or mental ability to do

basic work activities," benefits are denied without further analysis.

Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.    Plaintiff's Claims of Error Regarding the Record Contents and Prior Decisions

The undersigned agrees with the Commissioner that the matter presently before the Court concerns only plaintiff's 2006 applications for disability insurance benefits and supplemental security income and the Commissioner has satisfied its obligation to "file a certified copy of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). Plaintiff does not explain how the prior applications and decisions are relevant to the 2006 applications. This is not a situation where plaintiff argued or the ALJ determined that *res judicata* required the ALJ to be bound by a prior determination of

plaintiff's RFC.  *See e.g.*, *Ulmer v. Comm'r of Soc. Sec.*, 2009 WL 514107, *11 (E.D. Mich 2009).  Plaintiff does not contest that her previous period of disability was properly terminated in May 2005 and she neither appealed that decision nor requested reopening of that decision. Rather, plaintiff states that she does not contend that the termination was incorrect and needs to be litigated.  (Tr. 188). Even if the prior decisions were relevant to the decision on the 2006 applications, contrary to plaintiff's contention, "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant."  *Hunt v. Comm'r of Soc. Sec., 2008 WL 2858685, *2 (E.D. Mich. 2008), quoting, *Landsaw v. Sec'y of Health and Hum. Serv.*, 803 F.2d 211, 214 (6th Cir. 1986), citing, 20 C.F.R. §§ 416.912, 416.913(d).  The evidentiary provision of the Act confirms that the burden is on plaintiff.  *Hunt*, at *2, citing, § 416.912(b) ("In general, you have to prove to us that you are blind or disabled.") (emphasis added).  It expressly includes as evidence "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled ..."  *Hunt*, at *2, quoting, § 416.912(b)(5).  Thus, if plaintiff believed those prior records were relevant to her 2006 applications, she was obligated to provide them to the ALJ.  With respect to plaintiff's claim that the ALJ relied on medical records not in the record produced relating to the 2005 denial, it seems entirely irrelevant because plaintiff does not contest the propriety

of the 2005 denial. Thus, the reasons for the denial simply do not matter. If

plaintiff believed that medical records pertaining to her conditions prior to the

relevant period of her 2006 applications was pertinent, again, she was obligated to

provide those to the ALJ.

The undersigned also fails to see the significance of the ALJ's finding,

typographical error or otherwise, that plaintiff was not disabled since December

1997. As noted by plaintiff, she was previously determined to be disabled in 1999,

going back to 1997 and then had disability benefits cut off as of May 1, 2005.

Nothing in the ALJ's decision can or attempts to modify these earlier decisions.

The ALJ's determination on plaintiff's May, 2006 applications could effectively

only "look back" 12 months, or back to May 1, 2005, under the regulations. (Tr.

2); *see* 20 C.F.R. § 404.621(a)(1) (benefits are payable only for 12 months

immediately before a DIB application has been filed). Thus, the ALJ's error

regarding the date, typographical or not, is immaterial.

D.    Treating Physician Evidence

In weighing the opinions and medical evidence, the ALJ must consider

relevant factors such as the length, nature and extent of the treating relationship,

the frequency of examination, the medical specialty of the treating physician, the

opinion's evidentiary support, and its consistency with the record as a whole. 20

C.F.R. § 404.1527(d)(2)-(6). Therefore, a medical opinion of an examining source

is entitled to more weight than a non-examining source and a treating physician's opinion is entitled to more weight than a consultative physician who only examined the claimant one time. 20 C.F.R. § 404.1527(d)(1)-(2). A decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's opinion and the reasons for that weight." Soc.Sec.R. 9602p, 1996 WL 374188, *5 (1996). The opinion of a treating physician should be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is not "inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2). A physician qualifies as a treating source if the claimant sees her "with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the] medical condition." 20 C.F.R. § 404.1502. "Although the ALJ is not bound by a treating physician's opinion, 'he must set forth the reasons for rejecting the opinion in his decision.'" *Dent v. Astrue*, 2008 WL 822078, *16 (W.D. Tenn. 2008) (citation omitted). "Claimants are entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Comm'r of Social Security*, 482 F.3d 873, 875 (6th Cir. 2007).

"The opinion of a non-examining physician, on the other hand, 'is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.'" *Adams v. Massanari*, 55 Fed.Appx. 279, 284 (6th Cir. 2003).

While true that a treating physician's opinion must be given greater weight than that of a one-time examining physician or a non-examining consulting physician, that is only appropriate if the treating physician supplies sufficient medical data to substantiate that opinion. *Smith v. Astrue*, 2008 WL 5429685 (S.D. Ohio 2008), citing, *Kirk v. Sec'y of Health and Human Serv.*, 667 F.2d 524 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983); *Bogle v. Sullivan*, 998 F.2d 342 (6th Cir. 1993). A treating physician's broad conclusory formulations regarding the ultimate issue of disability, which must be decided by the Commissioner, are not determinative of the question of whether an individual is under a disability. *Id.* Further, the Commissioner may properly reject a treating physician's opinion if it is not supported by sufficient medical data or if it is inconsistent with the other evidence of record. *Id.*

In this case, plaintiff provided no contemporaneous treating records from Dr. Uzansky. Thus, the ALJ was entitled to give Dr. Uzansky's conclusory opinions that plaintiff was disabled, an issue ultimately reserved to the Commissioner, unsupported by any treatment records, little weight. Simply, Dr. Uzansky supplied no medical data to support his opinions and thus, his opinions were not entitled to

significant weight. In addition, the ALJ properly relied on the consulting physicians' opinions, which relied on plaintiff's medical records from the relevant period in question.

E.  RFC and Credibility

The residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from- though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, *5 (E.D. Mich. 2004). "The regulations recognize that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed.Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e). An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters*, 127 F.3d at 531.

Most of plaintiff's objections to the decision of the ALJ are variations on the theme that he failed to take into account the treating physician evidence and failed

to fully credit her limitations and impairments as described at the hearing. Plaintiff's claim of additional restrictions and limitations beyond those found by the ALJ seem to be based on the mere existence of her conditions, rather than on any resulting impairments or specific restrictions. While the record reveals that plaintiff's condition resulted in several limitations, as found by the ALJ, the mere existence of a particular condition is insufficient to establish an inability to work. *See e.g.*, *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002) (The residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities."); *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, *5 (E.D. Mich. 2004) ("A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other."); *Griffeth*, 217 Fed.Appx. at 429 ("The regulations recognize that individuals who have the same severe impairment may have different residual functional capacities depending on their other impairments, pain, and other symptoms."). Moreover, plaintiff does not offer any opinion from a treating physician[2] that she was more physically limited than as found by the ALJ. *See Maher v. Sec'y of Health and Human Serv.*, 898 F.2d 1106,

---

[2] As set forth above, Dr. Uzansky's conclusory opinions, in the absence of supporting treatment notes and medical data, are not entitled to any weight.

1109 (6th Cir. 1987), citing, *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability.").  To the extent that plaintiff points to other subjective limitations, such subjective evidence is only considered to "the extent [it] can reasonably be accepted as consistent with the objective medical evidence and other evidence." *Ditz v. Comm'r of Soc. Sec.*, 2009 WL 440641, *10 (E.D. Mich. 2009), citing, 20 C.F.R. § 404.1529(a), *Young v. Secretary*, 925 F.2d 146, 150-51 (6th Cir. 1990); *Duncan v. Sec'y*, 801 F.2d 847, 852 (6th Cir. 1986).  Plaintiff merely points to her subjective complaints and testimony to support her claim that she was more physically restricted and had more severe mental limitations than those found by the ALJ.  In this case, there is no such evidence and the ALJ's RFC finding was entirely consistent medical evidence.

Given that a severe impairment does not equate to disability, the undersigned suggests that the ALJ's decision to find plaintiff's claimed limitations to be only partially credible is supported by the substantial evidence in the record and properly incorporated into the RFC finding.  The ALJ's obligation to assess credibility extends to the claimant's subjective complaints such that the ALJ "can present a hypothetical to the VE on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate."  *Jones*, 336 F.3d at 476.  When weighing credibility, an ALJ may give less weight to the testimony of

interested witnesses. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir. 1982) ("a trier of fact is not required to ignore incentives in resolving issues of credibility."); *Krupa v. Comm'r of Soc. Sec.*, 1999 WL 98645, *3 (6th Cir. 1999). An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty of observing a witness's demeanor and credibility. *Walters*, 127 F.3d at 531. "The rule that a hypothetical question must incorporate all of the claimant's physical and mental limitations does not divest the ALJ of his or her obligation to assess credibility and determine the facts." *Redfield v. Comm'r of Soc. Sec.*, 366 F.Supp.2d 489, 497 (E.D. Mich. 2005). The ALJ is only required to incorporate the limitations that he finds credible. *Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).

In light of the medical and other evidence discussed above, the lack of physical restrictions or mental impairments noted by any treating physician, the undersigned concludes that the VE's opinion is consistent with the findings of treating and consulting physicians and mental health professionals, and can properly be considered substantial evidence. Thus, the undersigned concludes that there is an insufficient basis on this record to overturn the ALJ's credibility determination and that the hypothetical relied on properly reflected plaintiff's limitations.

F.    Conclusion

After review of the record, the undersigned concludes that the decision of

the ALJ, which ultimately became the final decision of the Commissioner, is

within that "zone of choice within which decisionmakers may go either way

without interference from the courts," *Felisky*, 35 F.3d at 1035, as the decision is

supported by substantial evidence.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's

motion for summary judgment be **DENIED**, that defendant's motion for summary

judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

|  |  |
|---|---|
|  | s/Michael Hluchaniuk |
| Date: August 31, 2010 | Michael Hluchaniuk |
|  | United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on August 31, 2010 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Clifford Paskel, Kenneth L. Shaitelman, AUSA, and the Commissioner of Social Security.

s/Darlene Chubb
Judicial Assistant
(810) 341-7850
darlene_chubb@mied.uscourts.gov